IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

DIANA MEY, individually and on behalf of a
class of all persons and entities similarly situated,

   Plaintiff,

vs.

YELLOWSTONE CAPITAL, LLC,

   Defendant.

Case No. 1:15-cv-00854-PAC

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Diana Mey brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Ms. Mey alleges that Defendant Yellowstone Capital, LLC ("Yellowstone Capital") violated the TCPA by placing an auto-dialed, pre-recorded telemarketing call to her cellular telephone number – a number listed on the national Do Not Call Registry – without her prior express written consent.

3. Because the call to Ms. Mey was transmitted using technology capable of generating thousands of similar calls per day, Ms. Mey brings this action on behalf of a proposed nationwide class of other persons who received illegal telephone calls from Yellowstone Capital.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

759219

## Parties

5. Plaintiff Diana Mey resides in Wheeling, West Virginia.

6. Defendant Yellowstone Capital is a New York corporation that has its principal office in New York, New York.

## Jurisdiction & Venue

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this district.

## TCPA Background

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls, finding that

> residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* §§ 2(10) and (12).

11. The TCPA's most stringent restrictions pertain to calls placed to cell phones.

12. The TCPA bans persons and entities from initiating telephone calls using automated telephone dialing systems ("autodialers") or pre-recorded messages to telephone numbers assigned to a cellular telephone service, unless the caller has the recipient's prior express written consent. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

13. Prior express written consent requires an agreement, in writing, bearing the signature of the person called that (a) clearly authorizes the caller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an autodialer or an artificial or prerecorded voice, and (b) lists the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. *See* 47 C.F.R. § 64.1200(f)(8).

14. In 2003, Congress created the National Do Not Call Registry. By listing a telephone number on the Registry, an individual can indicate her desire not to receive telephone solicitations. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

### Factual Allegations

15. Yellowstone Capital provides cash advances to small and mid-size businesses.

16. Yellowstone Capital uses telemarketing to obtain new clients.

17. On September 16, 2014, Yellowstone Capital placed a pre-recorded telemarketing call to the Plaintiff's cellular telephone.

18. The pre-recorded message played on the call concerned a "loan" with which the Plaintiff was not familiar.

19. Upon information and belief, the "loan" mentioned in the pre-recorded message was fictional, designed to entice the call recipient into responding to the advertisement.

20. At the time she received the call, the Plaintiff's cellular telephone number had been listed on the National Do Not Call Registry for several years.

21. Yellowstone did not have the Plaintiff's valid provide prior express written consent to receive telemarketing calls.

22. On information and belief, because the call was transmitted *en masse* with other calls using a pre-recorded message, the call was placed using an autodialer.

23. The Caller ID for the Yellowstone Capital call was (929) 999-4219.

24. Other individuals have complained about similar telemarketing calls from Yellowstone. For example, an internet search revealed the following complaint:

> This company calls numbers on the national do not call registry in violation of the Telephone Consumer Protection Act. They use an automated dialer to dial and do not have an operator on the line when the phone is answered, also in violation of the TCPA. They further violate the TCPA by playing a recorded message without an operator on the line. They claim that you are being called because you requested their call about no obligation loans and reduced loan rates, which is not true. Their operators will provide a phone number and address when asked, but there is no good way to verify that 646-757-4125 is really the phone number of the caller (it doesn't match the caller id) or that 160 Pearl Street, New York, New York is really their address... With their use of unsolicited calls, and at least two additional violations of the TCPA, it is clear that this is a scam, probably trying to get personal information to commit identity theft. Do not provide these scammers any personal information.

*See* http://www.whoscallingnotes.com/listings/yellowstone-capital/929-999-4219/ (Last Visited November 12, 2014).

## Class Action Allegations

25.  As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

26.  The class of persons Plaintiff proposes to represent include:

> All persons in the United States who, within four years prior to the filing of this action, Defendant or some person on Defendant's behalf called: (a) on their cell phone using a device with the capacity to dial numbers without human intervention, without the call recipient's prior express consent (the "autodialer subclass"); or (b) using a pre-recorded message, without the call recipient's prior express consent (the "pre-record subclass").

27.  Excluded from the class is the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

28.  The proposed class members are identifiable through phone records and phone number databases.

29.  The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

30.  Plaintiff is a member of the class, including both subclasses.

31.  There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

  a.  Whether the Defendant used an automatic telephone dialing system to call cellular telephones;

  b.  Whether the Defendant used pre-recorded message to send telemarketing calls;

      c.     Whether the Defendant placed autodialed or pre-recorded telemarketing calls without obtaining the recipients' valid prior express written consent;

      d.     Whether the Defendant's violations of the TCPA were negligent, willful, or knowing; and

      e.     Whether the Plaintiff and the class members are entitled to statutory damages as a result of the Defendant's actions.

32. Plaintiff's claims are based on the same facts and legal theories, and therefore are typical of the claims of class members.

33. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

34. The actions of Yellowstone Capital are generally applicable to the class as a whole and to Plaintiff.

35. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

36. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

37. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a)

38. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

39. The Defendant violated the TCPA (a) by initiating a telephone call to Plaintiff's cellular telephone using an automated dialing system, without her prior express consent; and (b) by initiating a telephone call using an artificial or pre-recorded voice to deliver a message to the Plaintiff's telephone, without her prior express consent.

40. The Defendant's violations were negligent, willful, or knowing.

### Count Two:
### Injunctive Relief

41. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

43. The Plaintiff respectfully petitions this Court to order the Defendant, and its employees, agents and independent contractors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

### Relief Sought

For herself and all class members, Plaintiff requests the following relief:

1. That Yellowstone Capital be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Yellowstone Capital, its agents, and anyone acting on its behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify class members.

3. That the Court certify the proposed class under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: February 2, 2015

BAILEY & GLASSER LLP

Kevin W. Barrett (KB 1426)
John W. Barrett - *Pro Hac Vice Pending*
Jonathan R. Marshall - *Pro Hac Vice Pending*
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
kbarrett@baileyglasser.com
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Edward A. Broderick - *Pro Hac Vice Pending*
Anthony Paronich - *Pro Hac Vice Pending*
BRODERICK LAW, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue - *Pro Hac Vice Pending*
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net

*Attorneys for Plaintiff Diana Mey, Individually and on Behalf of a Class of All Persons and Entities Similarly Situated*