UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DIANA MEY, individually and on behalf of a
class of all persons and entities similarly situated,

                    Plaintiff,

vs.

YELLOWSTONE CAPITAL, LLC,

                    Defendant.
------------------------------------------------------------x

Case No. 15 Civ. 00854(PAC)

**ANSWER**

      Defendant Yellowstone Capital, LLC ("Yellowstone" or "Defendant"), by and through its undersigned counsel, as and for its answer (the "Answer") to the Class Action Complaint dated February 2, 2015 (the "Complaint") of plaintiff Diana Mey, individually and on behalf of a class of all persons and entities similarly situated (the "Plaintiff"), alleges as follows:

## PRELIMINARY STATEMENT[1]

      1.    Defendant admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act (the "TCPA," or the "Act"), 47 U.S.C. § 227, refers to the TCPA for its contents, and otherwise denies the allegations in paragraph 1 of the Complaint.

      2.    Defendant admits that Plaintiff has alleged purported violations of the TCPA and refers to the TCPA for its contents. Defendant lacks knowledge and information as to whether Plaintiff's cell phone number was on the "national do not call list", and on that basis denies that allegation. Defendant denies the remaining allegations in paragraph 2 of the Complaint.

      3.    Defendant admits that Plaintiff purports to bring this action as a class action and otherwise denies the allegations in paragraph 3 of the Complaint.

---

[1] Section headings reproduced from the Complaint are for organizational purposes only and do not reflect Defendant's admission or denial of the contents thereof.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

## PARTIES

5. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies same.

6. Defendant admits that Defendant's principal office is in New York, New York, and otherwise denies the allegations in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Defendant admits that Plaintiff purports to establish jurisdiction as stated in paragraph 7 of the Complaint and otherwise denies the allegations in said paragraph.

8. Defendant admits that Plaintiff purports to lay venue as stated in paragraph 8 of the Complaint and otherwise denies the allegations in said paragraph.

## TCPA BACKGROUND

9. Defendant states that the allegations concerning the TCPA and its legislative history are legal conclusions to which no response is required and refers to the TCPA and its legislative history for their contents; to the extent a response is required, Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant states that the allegations concerning the TCPA and its legislative history are legal conclusions to which no response is required and refers to the TCPA and its legislative history for their contents; to the extent a response is required, Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant states that the allegations concerning the TCPA and the regulations promulgated under the Act are legal conclusions to which no response is required and refers to

the TCPA for its contents; to the extent a response is required, Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant states that the allegations concerning the TCPA and the regulations promulgated under the Act are legal conclusions to which no response is required and refers to the TCPA and its related regulations for their contents; to the extent a response is required, Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant states that the allegations concerning the TCPA and the regulations promulgated under the Act are legal conclusions to which no response is required and refers to the TCPA and its related regulations for their contents; to the extent a response is required, Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant states that the allegations concerning the National Do Not Call Registry and its related regulations are legal conclusions to which no response is required and refers to the legislation and regulations related to the National Do Not Call Registry for their contents; to the extent a response is required, Defendant denies the allegations in paragraph 14 of the Complaint.

## FACTUAL ALLEGATIONS

15. Defendant admits that it purchases future receivables from select businesses. Except as expressly admitted, Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits that at times it has used telephone marketing techniques to attempt to generate business. Except as expressly admitted, Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant alleges that it did not place any call to Plaintiff's cellular telephone. Defendant lacks knowledge and information as to whether a third party placed a call and claimed

to be acting for Defendant or some other company, and on that basis, denies the allegations in paragraph 17 of the Complaint.

18.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 18 of the Complaint and therefore denies same.

19.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 19 of the Complaint and therefore denies same.

20.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 20 of the Complaint and therefore denies same.

21.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 21 of the Complaint and therefore denies same.

22.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 22 of the Complaint and therefore denies same.

23.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 23 of the Complaint and therefore denies same.

24.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 24 of the Complaint and therefore denies same.

## CLASS ACTION ALLEGATIONS

25.    Defendant admits that Plaintiff purports to bring this action as a class action in accordance with Rule 23 of the Federal Rules of Civil Procedure and otherwise denies the allegations in paragraph 25 of the Complaint.

26.    Defendant admits that Plaintiff purports to bring this action on behalf of the class and subclasses as defined in paragraph 26 of the Complaint and otherwise denies the allegations

in paragraph 26 of the Complaint. Defendant specifically denies Plaintiff has defined a valid, ascertainable class.

27. Defendant admits that Plaintiff purports to exclude certain individuals and entities from the class as stated in paragraph 27 of the Complaint and otherwise denies the allegations in paragraph 27 of the Complaint.

28. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 28 of the Complaint and therefore denies same.

29. Defendant lacks sufficient knowledge and information as to the number of persons who might be part of the purported class defined by Plaintiff, and on that basis, denies that allegation. Defendant denies all the allegations in paragraph 29 of the Complaint.

30. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 30 of the Complaint and therefore denies same.

31. Defendant denies the allegations in paragraph 31 of the Complaint, including its subparts.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 37 of the Complaint and therefore denies same.

102722776

## LEGAL CLAIMS

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a)

38.  Defendant repeats and re-alleges each response contained in the preceding paragraphs of the Answer as if set forth herein.

39.  Defendant denies the allegations in paragraph 39 of the Complaint.

40.  Defendant denies the allegations in paragraph 40 of the Complaint.

### Count Two:
### Injunctive Relief

41.  Defendant repeats and re-alleges each response contained in the preceding paragraphs of the Answer as if set forth herein.

42.  Defendant states that the allegations concerning the TCPA and the regulations promulgated under the Act are legal conclusions to which no response is required and refers to the TCPA and its related regulations for their contents; to the extent a response is required, Defendant denies the allegations in paragraph 42 of the Complaint.

43.  Defendant admits that the Plaintiff purports to seek relief as stated in paragraph 43 of the Complaint and otherwise denies the allegations in paragraph 43 of the Complaint.

## RELIEF SOUGHT

44.  Defendant denies the allegations in Plaintiff's request for relief (*i.e.*, paragraphs numbered 1 through 5 on pages 7 to 8 of the Complaint), and specifically denies that the Defendant is liable to Plaintiff in any amount or manner whatsoever and further denies that the Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

45.  Defendant denies each and every allegation in the Complaint that is not expressly admitted above.

102722776

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

46.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

47.     Plaintiff lacks standing to assert claims for relief purportedly alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

48.     Plaintiff, and those Plaintiff purports to represent, seek an award of statutory damages under 47 U.S.C. § 227 that would violate the due process rights afforded Defendant under the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

49.     Defendant alleges that its actions, conduct and dealings were lawful as authorized by applicable state and federal statutes, rules and regulations, and such actions and conduct were carried out in good faith for legitimate purposes.

### FIFTH AFFIRMATIVE DEFENSE

50.     Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA.

### ADDITIONAL AFFIRMATIVE DEFENSES

51.     Defendant reserves the right to assert any additional affirmative defenses that become available or apparent during the pendency of this matter.

**WHEREFORE**, Yellowstone demands judgment dismissing Plaintiff's Complaint in its entirety and ordering Plaintiff to compensate Yellowstone for its costs, disbursements,

102722776


reasonable attorneys' fees and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 16, 2015

KATTEN MUCHIN ROSENMAN LLP

By: _____
    Gregory C. Johnson
    gregory.johnson@kattenlaw.com
    New York, NY 10022
    Ph.: (212) 940-8800
    Fax: (212) 940-8776

    Stuart M. Richter (*admitted pro hac vice*)
    stuart.richter@kattenlaw.com
    2029 Century Park East
    Suite 2600
    Los Angeles, CA. 90067
    Ph.: (310) 788-4400
    Fax: (310) 788-4471
*Attorneys for Defendant Yellowstone Capital, LLC*

TO:
    BAILEY & GLASSER LLP (*via ECF filing*)
    Kevin W. Barrett
    kbarrett@baileyglasser.com
    John W. Barrett
    jbarrett@baileyglasser.com
    Johnathan R. Marshall
    jmarshall@baileyglasser.com
    209 Capitol Street
    Charleston, WV 25301
    Ph.: (304) 345-6555
    Fax: (304) 342-1110
    *Co-counsel for Plaintiff Diana Mey, individually and on behalf of a class of all persons and entities similarly situated*

    BRODERICK LAW, P.C. (*via ECF filing*)
    Edward Anthony Broderick
    ted@broderick-law.com
    Anthony Paronich
    anthony@broderick-law.com

125 Summer Street, Suite 1030
Boston, MA 02110
Ph.: (617) 738-7080
Fax: (617) 830-0327
*Co-counsel for Plaintiff Diana Mey, individually
and on behalf of a class of all persons and
entities similarly situated*

THE LAW OFFICE OF MATTHEW P. MCCUE (*via first class mail*)
Matthew P. McCue
mmcue@massattorneys.net
1 South Avenue, Suite 3
Natick, MA 01760
Ph.: (508) 655-1415
Fax: (508) 319-3077
*Co-counsel for Plaintiff Diana Mey, individually
and on behalf of a class of all persons and
entities similarly situated*

102722776